DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Sylvester Material, Inc. and Rath Builders Supply, Inc., | ) ) ) | CASE NO. 3:04CV7686 |
| Plaintiff(s), | ) ) ) | MEMORANDUM OPINION |
| v. | ) ) | (Resolving Doc. Nos. 7 & 10) |
| John Carlo, Inc., et al., | ) ) ) | |
| Defendant(s). | ) | |

**I**

Defendant John Carlo, Inc. (JCI) has moved this Court to dismiss Plaintiffs Sylvester Materials, Inc. and Rath Builders Supply, Inc.'s Complaint for a lack of personal jurisdiction and/or subject matter jurisdiction (Doc. No. 7) and to dismiss for improper venue, alternatively asking the Court to transfer the matter (Doc. No. 10). These Motions have been fully briefed. (Doc. Nos. 8, 11, 21, 22, 23, 25, 30.)

This matter arises out of a road and bridge resurfacing project on U.S. 23 in Dundee, Michigan. The Michigan Department of Transportation selected JCI, a Michigan coporation, as the general contractor for the project. Because JCI intended to remove concrete from the project itself, it entered into an agreement with the Stansley Group (associated with Sylvester), the owner of a local trucking company and aggregate supplier, to supply trucking and materials and to accept broken concrete for recycling. Because its forces were busy on other projects, however, JCI subcontracted some of the concrete removal to Defendant Denron Contracting, Inc. (a Michigan corporation). When Denron's

(3:04CV7686)

performance lagged, JCI utilized its own forces to complete the removal.

JCI had provided Denron with its pricing from Stansley and expected that Denron would utilize that pricing. Plaintiffs Sylvester and Rath, however, allege in the Complaint that they entered into separate agreements with Denron that were signed in Ohio. Regardless, JCI and the Plaintiffs do not dispute that Denron failed to pay the Plaintiffs for materials provided and work performed on the project. This breach of contract action ensued.

Because the Court finds that JCI has sufficient minimum contacts with Ohio to establish specific personal jurisdiction, the Motion to Dismiss for Lack of Personal Jurisdiction is DENIED. The Court additionally finds DENIES JCI's Motion to Dismiss for Lack of Subject Matter Jurisdiction because Plaintiffs have amended the Complaint and removed the purportedly offensive count. Furthermore, JCI's Motion to Dismiss for Improper Venue or to Transfer Venue is also DENIED because venue is proper in the United States District Court for the Northern District of Ohio.

**II**

The procedure "which guides the district court in disposing of Rule 12 (b)(2) motions is well-settled." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing Serns v. First Tenn. Bank Nat. Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989)). The plaintiff bears the burden of establishing personal jurisdiction. See McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178, 189 (1936); accord Am. Greetings Corp. v. Cohn, 839 F.2d 1164, 1168 (6th Cir. 1988); Weller v. Cromwell Oil Co., 504 F.2d 927, 929 (6th Cir. 1974). In assessing whether that burden has been satisfied, a district court has three procedural alternatives: "[it] may determine the motion on the basis of affidavits alone,

2

(3:04CV7686)

or it may permit discovery in aid of the motion, or it may conduct an evidentiary hearing on the merits of the motion." Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting Serras, 875 F.2d at 1214). As is the case here, if an evidentiary hearing on the motion is not held:

> [T]he court must consider the pleadings and affidavits in a light most favorable to the plaintiff . . . . To defeat such a motion, [the plaintiff] need only make a *prima facie* showing of jurisdiction. Furthermore, a court . . . does not weigh the controverting assertions of the party seeking dismissal . . . .

Id. (quoting CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996)); see also Walker v. Concoby, 79 F. Supp.2d 827, 829 (N.D. Ohio 1999) (Dowd, J.) ("Here, however, the facts contained in the affidavits are undisputed; the question, then is whether these facts, construed in a light favorable to the plaintiff, make out a *prima facie* showing of jurisdiction."). When a defendant properly supports a motion to dismiss for lack of personal jurisdiction, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." Theunissen, 935 F.2d at 1458 (citing Weller v. Cromwell Oil Co., 504 F.2d 927, 930 (6th Cir.1974)).

"The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements." Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000) (citing Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 (6th Cir. 1993)). While Ohio's long-arm statute is not coterminus with federal constitutional limits, Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002)(citing Calphalon, 228 F.3d at 721), JCI here only argues that this Court

3

(3:04CV7686)

lacks personal jurisdiction over it based on federal constitutional limits. (See Doc. No. 8 at 6.)[1]

"Personal jurisdiction can be either general or specific, depending on the nature of the contacts that the defendant has with the forum state." Bird, 289 F.3d at 873 (citing Conti v. Pneumatic Prods. Corp., 977 F.2d 978, 981 (6th Cir.1992)).  This Court has specific personal jurisdiction over JCI in this matter, and, therefore, will not determine whether JCI is subject to personal jurisdiction generally in Ohio.

This Court determines whether specific personal jurisdiction is present under the three-part test established in Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968).  That test requires (1) that the defendant purposely avails himself of the forum state, (2) the cause of action arises from his activities there, and (3) that jurisdiction is reasonable:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Id. at 401.  "Parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King v. Rudzewicz, 471 U.S. 462, 473 (1985) (quoting Travelers Health Assn. v. Virginia, 339 U.S. 643, 647 (1950)).

Here, Sylvester alleges that JCI contacted it first at its Sylvania, Ohio headquarters via facsimile

---

[1] JCI, relying on old case law, erroneously states that Ohio's long-arm statute does extend to the constitutional limits of due process.

4

(3:04CV7686)

requesting quotations for the project. As a result of this solicitation, Sylvester responded with a quote, and after a series of telephone calls and faxes, the parties entered into an agreement. Thus, JCI reached out beyond Michigan, and as a result of this reaching, created a continuing relationship with Sylvester. JCI, therefore, did purposely avail itself of the privilege of acting in Ohio.

JCI argues that this action does not arise out of its contacts with Ohio. To satisfy the arising from requirement it is only necessary "that the cause of action . . . have a substantial connection with the defendant's in-state activities." Southern Machine, 401 F.2d at n.27. If a defendant purposely avails itself of the privilege of acting in Ohio when entering into a contract, then the cause of action for breach of that contract "naturally arises from the defendant's activities in Ohio." Cole v. Mileti, 133 F.3d 433, 436 (6th Cir. 1998). Here, JCI purposely availed itself of the privilege of acting in Ohio when it reached out to Sylvester. Therefore, the cause of action for the breach of contract resulting from that reaching out naturally arises from JCI's activities in Ohio. JCI does not argue that subjecting it to Ohio jurisdiction would be unreasonable. Consequently, JCI is subject to specific personal jurisdiction in Ohio, and the Motion to Dismiss for Lack of Personal Jurisdiction is denied.

### III

JCI also asks this Court to dismiss this action for lack of diversity of citizenship. This argument is based on the Plaintiffs' failure to bring count six of the initial complaint in the name of the people of the State of Michigan. (Doc. No. 7.) Plaintiffs have subsequently filed an Amended Complaint which omits counts six. (Doc. No. 32.) The Motion to Dismiss for Lack of Subject Matter Jurisdiction, therefore, is denied.

(3:04CV7686)

## IV

JCI also contends that this Court should dismiss this action for improper venue or transfer this matter to the United States District Court for the Eastern District of Michigan. JCI argues that a forum selection clause in the parties' agreement requires Sylvester to bring this action there. However, "the Supreme Court has made it clear . . . that forum selection clauses do not dictate the forum." Kerobo v. S.W. Clean Fuels, Corp., 285 F.3d 531, 536 (6th Cir. 2002) (discussing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988)). Thus, if a case is filed in a venue prescribed by 28 U.S.C. §1391, a forum selection clause will not serve as the basis for granting a motion to dismiss for improper venue. See id. Likewise, "[i]f venue is proper under [§1391], a motion to transfer for improper venue will not lie." Id. A court, however, may still consider a motion to transfer venue for the convenience of the parties under 28 U.S.C. §1404(a). See id. at 538-539. Here, JCI does not contest the propriety of venue in this District under § 1391.[2] Therefore, its motion to dismiss or transfer venue for improper venue is denied. The Court, however, will consider JCI's motion to transfer venue for the convenience of the parties.

Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision whether to transfer a case under § 1404(a) is within the district

---

[2]JCI reasserts in its Memorandum in Support of its Motion (Doc. No. 11) that it is not subject to personal jurisdiction in this District. As the Court found above, however, JCI is subject to personal jurisdiction here.

6

(3:04CV7686)

court's discretion. Kerobo, 285 F.3d at 537 (citing Ricoh, 487 U.S. at 29). In determining whether transfer of a case is appropriate, "[t]he district court must weigh a number of case -specific factors such as the convenience of the parties and witnesses, 'public-interest factors of systemic integrity,' and private concerns falling under the heading 'the interest of justice.'" Id. (quoting Ricoh, 487 U.S. at 30). While a forum selection clause is a factor to be considered, it should not be accorded dispositive consideration. Id. (citing Ricoh, 487 U.S. at 31). The Court first will consider the convenience of the parties and the witnesses. Here, Sylvester and Rath, the Plaintiffs, are Ohio corporations, and Defendants Sylvester and Denron are Michigan corporations. An equal number of parties reside in Ohio and Michigan. The convenience of the parties, therefore, will not be furthered by resolving this matter in either Ohio or Michigan. Likewise, witnesses for the parties reside in both Ohio and Michigan. Thus, the convenience of the witnesses also does not favor resolving this matter in either Ohio or Michigan.

Next the Court will consider the forum selection clause. While a mandatory forum selection clause weighs towards transfer, First Solar, LLC v. Rohwedder, Inc., No. 3:04CV7518, 2004 WL 2810105, *2 (N.D. Ohio Dec. 8, 2004), the parties here dispute whether the purchase order which contains the forum selection clause is even at issue in this dispute. Sylvester contends that the purchase order which contains the forum selection clause has already been satisfied and, therefore, is not at issue in this case. Thus, it is not clear whether the forum selection clause even applies. Consequently, the presence of a forum selection clause does not favor transfer in this case. JCI has presented no other evidence that would warrant transferring this case. The Motion to Transfer Venue, therefore, is denied.

(3:04CV7686)

## V

For the foregoing reasons Defendant John Carlo, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or Subject Matter Jurisdiction (Doc. No. 7) is DENIED. Likewise, JCI's Motion to Dismiss for Improper Venue or to Transfer for Improper Venue or to Transfer for Convenience (Doc. No. 10) is DENIED.

IT IS SO ORDERED.

5/16/05 /s/ David D. Dowd, Jr.
Date David D. Dowd, Jr.
U.S. District Judge