DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sylvester Material, Inc., et al., ) | |
| ) | CASE NO. 3:04 CV 7686 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| John Carlo, Inc., et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

The above-captioned case is before the Court on the motion for summary judgment filed by defendant Liberty Mutual Insurance Company (Doc. No. 50). The motion has been fully briefed. However, the Court's review of the procedural history of the case has led it to revisit the earlier-filed motion to dismiss for lack of subject matter jurisdiction. For the reasons discussed herein, the Court concludes that complete diversity is lacking and, therefore, dismisses this action without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

This action was filed on November 1, 2004 by Ohio residents Sylvester Material Co., Inc. and Rath Builders Supply, Inc. (collectively, "plaintiffs") against John Carlo, Inc. ("JCI") and Denron Contracting, Inc. ("Denron"), Michigan residents, and Liberty Mutual Insurance Company ("Liberty Mutual"), apparently a Pennsylvania resident. Jurisdiction was allegedly based on diversity. 28 U.S.C. § 1332.

The complaint alleges that JCI was the contractor selected by the Michigan Department of Transportation ("MDOT") for a road and bridge resurfacing project on U.S. 23 in Dundee, Michigan. In March and April 2003, plaintiffs each entered into contracts with Denron, a

(3:04 CV 7686)

subcontractor of JCI, to provide labor and/or materials for this project.  When Denron failed in its duties as subcontractor, JCI allegedly assumed the plaintiffs' contracts and the duties thereunder.  The gravamen of the complaint is that JCI and/or its surety Liberty Mutual and Denron still owe on these contracts.  The original complaint alleged claims for breach of contract, quantum meruit, and an accounting.  In addition, in count six, plaintiffs claimed to be third party beneficiaries of the surety bond posted by Liberty Mutual.

Defendant JCI promptly filed a motion to dismiss (Doc. Nos. 7-8) arguing, *inter alia*, that complete diversity was lacking because, in order to make a claim against JCI's surety, Liberty Mutual, plaintiffs had to comply with Michigan's statute governing recovery on bonds.  See MCLA 570.104.[1]  Under this statute, plaintiffs were required to file any claim against Liberty Mutual "in the name of the people of [Michigan.]"  If this had been done, complete diversity would be lacking because two of the defendants are also Michigan residents.

Prior to the Case Management Conference conducted on May 12, 2005, plaintiffs filed an amended complaint, dropping count six of the original complaint.  Upon plaintiffs' representation at the CMC that the jurisdictional defect which had been raised by the motion to

---

[1] This statute, dealing with recovery on a bond, provides:

> Such bond may be prosecuted and a recovery had at any time within 1 year after the completion and acceptance of the project, by any person, firm or corporation to whom any money shall be due and payable on account of having performed any labor or furnished any materials or supplies in the erection, repairing or ornamentation of any such building or works, **in the name of the people of this state** for the use and benefit of such person, firm or corporation:  Provided, however, That in the case of a suit for the benefit of the subcontractor, he shall be required to allege and prove that he has paid to all parties entitled thereto the full sums due to them for labor, materials or supplies contracted for by him:  And provided further, That in no case brought under the provisions of this act shall the people of this state be liable for costs. (underlining and bolding added).

(3:04 CV 7686)

dismiss had been cured by the amended complaint, this Court denied the motion to dismiss without any discussion on the merits of the arguments in the motion.

Now a review of the First Amended Complaint (Doc. No. 32) reveals that plaintiffs have simply substituted a new count six which has the same defect: it attempts to sue Liberty Mutual in a manner not permitted by Michigan law for recovery on bonds. The proper plaintiffs for a claim for recovery on a bond under MCLA 570.104 are the people of the State of Michigan. Therefore, no matter how the complaint and/or amended complaint are pled, the real plaintiffs for any claim against Liberty Mutual for recovery on the bond are the people of Michigan. Therefore, complete diversity is lacking since defendants JCI and Denron are Michigan residents.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). The Court, therefore, finds it necessary to revisit its order of May 17, 2005 (Doc. No. 42), to the extent that it declined to dismiss for lack of subject matter jurisdiction. Id. at 5.

Because this action seeks to recover from Liberty Mutual on a surety bond, "the people of [the] state [of Michigan]" are the only proper plaintiffs for that claim under MCLA 570.104. Diversity was the only basis for original jurisdiction in this Court, there being no federal question. Since complete diversity is lacking, under Rule 12(h)(3), the case must be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

| September 2, 2005 | s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |